UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:18-CR-00017-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL JOSEPH WHITT, II, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 1914], and a *pro se* supplement to that motion [Doc. 1925]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 1937]. The United States (the "Government") has responded in opposition [Doc. 1948].

**I.  BACKGROUND**

On October 16, 2018, Defendant pleaded guilty to one count of a conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine [Docs. 678, 680]. With an offense level of 31 and a criminal history category of III, based on a total of four criminal history points, (two points for an assault conviction [Doc. 807, ¶ 47], and two points for distribution of a Schedule II substance [*Id.* at ¶ 61]), Defendant's advisory guideline range was 135 to 168 months [Doc. 893, pg. 1]. The Court sentenced Defendant to 135 months' imprisonment [Doc. 892, pg. 2]. Defendant is currently housed at FCI Gilmer, and his projected release date is February 14, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last

1

visited May 31, 2024). He now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 1914].

II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant is not a zero-point offender. At the time of sentencing, he received four criminal history points, none of which were status points. Accordingly, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Defendant also asks the Court to grant him credit for time served and for additional credits under the First Step Act [Doc. 1914]. But "the power to grant credit for time served lies solely

2

with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3585(b) and *United States v. Wilson*, 503 U.S. 329, 333 (1992)). That includes the computation of good-time credit and earned time credit under the First Step Act. *See United States v. Proctor*, No. 5:11-CR-30-BJB, 2024 WL 324784, at *3–*4 (W.D. Ky. Jan. 29, 2024) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). A defendant who wishes to challenge the BOP's determination must first exhaust the BOP's Administrative Remedy Program, and only then may the defendant petition for habeas review under 28 U.S.C. § 2241 in the district where he is incarcerated. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 CFR § 542.10 *et seq.* (2011) and 28 U.S.C. § 2241); *see Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006). Defendant has not alleged he has exhausted his remedies, and in any event, he is not incarcerated in this district. The Court therefore cannot grant the relief he seeks.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 1914] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge